IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CEDRIC LYN JOHNSON (B18840), <br><br> Plaintiff, <br><br> v. <br><br> EVARISTO AGUINALDO, <br><br> Defendant. | No. 15-C-885 <br><br> Judge Sara L. Ellis <br><br> JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Plaintiff, Cedric Lyn Johnson ("Mr. Johnson" or "Plaintiff"), by and through his attorneys, Bryan Cave LLP, brings this Amended Complaint against Defendant Dr. Evaristo Aguinaldo ("Dr. Aguinaldo" or "Defendant"). Plaintiff complains of the Defendant as follows:

### Nature of the Action

This is an action brought under 42 U.S.C. § 1983 for deprivation of Plaintiff's rights guaranteed under the United States Constitution. Specifically, Defendant failed to properly and timely address the serious injuries sustained by Plaintiff while incarcerated at the Stateville Correctional Center ("SCC") and under the medical care of Defendant. As a result, Plaintiff has suffered and continues to suffer from excruciating headaches and now has widespread blind spots in his left eye. These injuries were exacerbated by Defendant's failure to provide timely and competent medical care.

### Jurisdiction and Venue

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a) because the cause of action arises out of the Constitution and laws of the United States.

**EXHIBIT D**

2. Venue is proper under 28 U.S.C. § 1391(b) because all of the events giving rise to the cause of action herein occurred within this District, and on information and belief Defendant resides in this District.

### Parties

3. Plaintiff is an individual who is currently incarcerated in the Illinois Department of Corrections ("IDOC"). At all times relevant to this Amended Complaint, except for the allegations in Paragraph 21 herein, Plaintiff was housed at SCC in Crest Hill, Illinois.

4. Non-party Wexford Health Sources, Inc. ("Wexford") is a private corporation licensed to do business in the State of Illinois. IDOC contracts with Wexford to provide health care services to inmates in IDOC facilities.

5. Defendant is a physician licensed to practice medicine in the State of Illinois. At all times relevant to this Complaint, Defendant was employed as a physician by Wexford and provided health care services to inmates at SCC. As a physician, Defendant was responsible for the provision of adequate medical services to provide for the health and well-being of inmates.

6. Defendant is sued in his individual capacity pursuant to 42 U.S.C. § 1983 for actions performed under color of state law which violated Plaintiff's rights under the Constitution and laws of the United States.

### Facts

7. Plaintiff was admitted to SCC on March 4, 2014. His "Offender Medical History," completed the same day, stated Plaintiff had a history of head trauma. This medical history further indicated Plaintiff had been hospitalized in the past regarding this trauma.

8. Prior to March 10, 2014, Plaintiff did not have any blind spots in his left eye.

9. Prior to March 10, 2014, Plaintiff had moderately painful headaches every few

**EXHIBIT D**

months.

10. In the early morning of March 10, 2014, six days after entering SCC, Plaintiff was assaulted in his cell by cellmate Dexter Flowers (the "altercation"). Flowers punched Plaintiff eight or nine times in the head, including blows to Plaintiff's eyes.

11. The injuries were extremely painful, causing Plaintiff tremendous headaches. Furthermore, the altercation left Plaintiff bleeding from both eyes, and his left eye was so swollen he could not see out of it.

12. Plaintiff's injuries were so severe that he was rushed to the Health Care Unit at SCC. Plaintiff was examined by Marian Andrews ("Andrews"), a registered nurse employed by Wexford.

13. Andrews' examination notes under "objective findings" state that Plaintiff was "bleeding from both eyes," and that Plaintiff had "lacerations" on both eyes. Andrews recommended that Plaintiff be seen by a medical doctor.

14. Defendant read Andrews' report and noted he wanted to examine Plaintiff "immediately."

15. That same morning, Defendant examined Plaintiff's injuries. At that time, Plaintiff was still bleeding from both eyes. Plaintiff complained he was having trouble seeing out of his left eye, and that the injury was causing him tremendous headaches.

16. Defendant performed a brief examination of Plaintiff's injuries and, on information and belief, noted he could not examine Plaintiff's left eye because it was so swollen. Defendant furthermore stated that Plaintiff's left eye was in need of medical attention. Defendant prescribed ointment for Plaintiff's eyes, and on information and belief told Plaintiff he would be sent to an outside clinic for treatment of his eyes and head injuries. On information

**EXHIBIT D**

and belief, Defendant ordered a follow-up visit in two days.

17. Plaintiff informed Defendant during the examination that he had a history of head trauma and headaches. Despite Plaintiff's complaint that he was in severe pain, Defendant did not prescribe any medication for Plaintiff's injuries other than ointment for Plaintiff's eyes.

18. On March 14, 2014, four days after the altercation, Plaintiff was seen for a follow-up visit. Despite knowing the severity of Plaintiff's injuries, Defendant did not perform the follow-up examination. Instead, Plaintiff was seen by Diane Schwarz ("Schwartz"), a physician's assistant employed by Wexford. Schwarz noted that Plaintiff had suffered "trauma to his left face," and on information and belief, ordered that he be examined by an eye specialist.

19. Plaintiff was never seen by a specialist for treatment of his injuries. Instead, Plaintiff was put in segregation for 30 days. Despite complaining about the severe pain from his injuries and asking to be seen by a doctor, Plaintiff received no medical care other than his daily blood pressure medication.

20. In the months that Plaintiff was incarcerated at SCC, Plaintiff was never seen by a specialist to treat the injuries to his left eye resulting from the altercation, nor was he ever seen by a specialist to treat his headaches, which were substantially aggravated by the altercation. After the altercation, Plaintiff's headaches became significantly more painful and more consistent.

21. On or around August 4, 2014, on information and belief Plaintiff was examined for new eyeglasses at Shawnee Correctional Center by optometrist Dr. Dennis Els ("Els"). Els noticed the spots in Plaintiff's eye, and asked what had happened. Plaintiff informed Els he developed blind spots after being attacked by Flowers.

**EXHIBIT D**

22.  Plaintiff has not received proper treatment for his injuries. Plaintiff's injury to his left eye was so severe he developed blind spots immediately after the altercation, and Plaintiff is now nearly blind in that eye. Furthermore, Plaintiff continues to suffer from headaches that were substantially aggravated by the altercation.

23.  As a direct and proximate result of Defendant's actions and omissions, Plaintiff's injuries have been exacerbated. Defendant knew of the potential for serious injury to Plaintiff's left eye, as on information and belief he could not even examine Plaintiff's eye on the date of the altercation because it was so swollen. Defendant furthermore knew of Plaintiff's history of head trauma because Plaintiff told him during the initial examination. Defendant also knew or should have known of Plaintiff's medical history detailing his history of head trauma, as it was included in Plaintiff's medical file. Defendant was furthermore aware during his examination that Plaintiff was suffering from an excruciating headache. Despite these facts, Defendant never performed a follow-up examination on Plaintiff, and took no action to ensure Plaintiff was seen by a specialist, as he had initially ordered. Instead, the extent of Defendant's actual care was to provide Plaintiff with ointment for his eyes.

24.  This denial of the provision of adequate medical care has caused Plaintiff to suffer widespread blind spots in his left eye and has substantially aggravated and exacerbated Plaintiff's painful headaches.

**COUNT I**
**§ 1983 – Denial of Adequate Medical Care**

25.  Plaintiff re-alleges Paragraphs 1-21 as if fully restated herein.

26.  By the foregoing actions and inactions, Defendant intentionally or recklessly failed to provide Plaintiff with adequate medical care for his serious medical conditions.

27.  As described above, Defendant acted intentionally and/or recklessly in failing to

**EXHIBIT D**

adequately examine Plaintiff in light of his history of head trauma, failing to perform a follow-up examination on Plaintiff's left eye, despite stating on information and believe that he could not examine Plaintiff's left eye on the date of the altercation because it was too swollen, failing to ensure that Plaintiff was seen by a specialist, as he had originally ordered, and failing to provide Plaintiff with adequate medication to treat the pain and suffering caused by his injuries.

28. The acts and/or omissions of Defendant, under color of state law and without justification, amounted to deliberate indifference to an objectively serious and subjectively known danger posing a substantial risk of serious harm to Plaintiff, and amounts to cruel and unusual punishment in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution.

29. As a result of these violations of his Constitutional rights, Plaintiff has suffered unnecessary and wanton infliction of great pain and exacerbation of his injuries.

WHEREFORE, Plaintiff, Cedric Johnson, respectfully requests judgment against Defendant, Dr. Evaristo Aguinaldo, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and for such other relief that this Court deems just, proper and equitable.

Dated: April 14, 2016   Respectfully submitted,

By: /s/ Steven Trubac
Steven R. Smith
Steven G. Trubac
BRYAN CAVE LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601-3206
Telephone:(312) 602-5000
Facsimile:(312) 602-5050
srsmith@bryancave.com
steve.trubac@bryancave.com
*Attorney for Plaintiff Cedric Lyn Johnson*

**EXHIBIT D**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2016, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send such notification to the following:

Illinois Department of Corrections
100 West Randolph, Ste 4-200
Chicago, IL 60601
doc.ilndnotices@doc.illinois.gov

                                                  /s/ Steven G. Trubac
                                                  Steven G. Trubac

**EXHIBIT D**